```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:90-00020

**CHRISTOPHER MITCHELL**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendant's motions to modify sentence, filed on February 13 and June 9, 2008, pursuant to 18 U.S.C. § 3582(c)(2). The court received in chambers on November 10, 2008, the defendant's third motion to modify sentence, which is hereby ORDERED filed. The motions to modify sentence are based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The August 30, 1990, Judgment reveals defendant was sentenced, inter alia, to a 360-month term of imprisonment. The guideline calculation was based on a Base Offense Level of 36 inasmuch as the defendant was found by the court to be responsible for 18 ounces of cocaine base and 4 ounces of cocaine powder, resulting in a marijuana equivalency in excess of 10,000 kilograms. The defendant was also assessed with a four-level enhancement for his role in the offense and a two-level enhancement for obstruction of justice. The defendant was denied credit for acceptance of responsibility. The defendant's Total Offense Level was that of 42 and when coupled with a Criminal History category of V, the resulting guideline range was 360 months to life.

It appearing that the defendant is eligible for the two-level reduction pursuant to 18 U.S.C. § 3582(c)(2), it is ORDERED that the defendant's motions be, and they hereby are, granted to the extent that the defendant is afforded a two-level reduction in his Base Offense Level.  Based on the reduction, the Total Offense Level becomes 40, with a Criminal History category of V, resulting in the same guideline range to which the defendant was subject heretofore of 360 months to life.  Accordingly, there is no reduction of the 360 month sentence.

To the extent the defendant seeks further relief, the defendant having specifically requested a reduction of more than two levels, pursuant, *inter alia*, to <u>Booker</u>, it is ORDERED that his request be, and it hereby is, denied.  See <u>United States v. Dunphy</u>, 551 F.3d 247 (4th Cir.  2009).  It is further ORDERED that the defendant's request for a new sentencing hearing be, and it hereby is, denied as unnecessary.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, the United States Probation Office and the Clerk, United States Court of Appeals for the Fourth Circuit (Case Manager 09-1513).

                                  ENTER:  May 8, 2009

                                  John T. Copenhaver, Jr.
                                  United States District Judge

**4**